# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6093 | **DATE** | 8/25/2003 |
| **CASE TITLE** | Abiola vs. Abubakar | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, plaintiff has until 10/23/03 to establish her capacity to sue under Illinois law. If she fails to do so, her claims other than her personal claim for intentional infliction of emotional distress will be dismissed for lack of capacity to sue.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | AUG 2 7 2003 | |
| | Notified counsel by telephone. | date docketed | 71 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| OR6 | courtroom deputy's initials | 03 AUG 26 PM 1:21 Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HAFSAT ABIOLA, individually and on )
behalf of the Estates of )
M.K.O. ABIOLA and )
ALHAJA KUDIRAT ABIOLA, )
ANTHONY ENAHORO, and )
ARTHUR NWANKWO, )
         Plaintiffs, )
)
vs. )  Case No. 02 C 6093
)
GEN. ABDUSALAMI ABUBAKAR, )
)
         Defendant. )

DOCKETED
AUG 2 7 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs in this case are Nigerian citizens who allege grave human rights abuses at the hands of Nigeria's former military regime. Defendant, General Abdusalami Abubakar, was a member of the military junta that ruled Nigeria from November 1993 to May 1999 and was Nigeria's head of state for approximately the last year of the junta's reign. Plaintiffs contend that Abubakar caused others to carry out the atrocities.

This case is presently before the Court on Abubakar's motion to dismiss plaintiff Hafsat Abiola's claims based on her lack of standing to maintain this lawsuit. As we stated in our previous opinion, this issue is significant because in federal court, "[e]very action [must] be presented in the name of the real party in interest." Fed. R. Civ. P. 17(a); *see* Mem. Opinion of June 17, 2003.

Plaintiff Hafsat Abiola's claims arise from the arrest, detention, and mysterious death of

71

her father, M.K.O. Abiola, and the murder of her mother, Alhaja Kudirat Abiola. Because Abiola wishes to recover damages stemming from wrongs inflicted upon others, she is deemed to be suing in a "representative capacity," and her capacity to sue is governed by the law of the forum state, Illinois.[1] Fed. R. Civ. P. 17(b).

The Second Amended Complaint contains seven counts: torture; arbitrary detention; cruel, inhuman, and degrading treatment; false imprisonment; assault and battery; intentional infliction of emotional distress; and wrongful death. In our previous memorandum opinion, the Court ruled that Abubakar had "head-of-state" immunity for acts committed during his tenure as Nigeria's head of state, from June 8, 1998 to May 29, 1999, and dismissed the claims against him arising from that period. Abiola's father died on July 9, 1998. Abubakar is entitled to immunity regarding the wrongful death of M.K.O. Abiola insofar as it arises from acts during Abubakar's tenure as head of state. *See* Mem. Opinion of June 17, 2003 at 18.

With the exception of the wrongful death claim, Abiola's claims arise from injuries suffered by M.K.O. and Kudirat before their deaths. Under Illinois law, Abiola can maintain these claims only by virtue of the Illinois Survival Act, 755 ILCS 5/27-6. The Survival Act does not create a cause of action, rather it "allow[s] an action, to recover damages for an injury to the person, to survive the death of the injured person." *Wilmere v. Stibolt*, 152 Ill. App. 3d 642, 645, 504 N.E.2d 916, 917 (1987). In other words, it permits a representative of the decedent to maintain those actions he might have brought while alive. *Nat'l Bank of Bloomington v. Norfolk*

---

[1] The Court notes (without commenting on whether she can maintain such an action) that Abiola asserts that she is bringing at least one claim in an individual capacity – that for intentional infliction of emotional distress. Because she is a proper plaintiff for a claim asserted in her own name, the standing analysis in this order does not apply to that claim.

2

& W. Ry. Co., 73 Ill. 2d 160, 172, 383 N.E. 2d 919, 923 (1978). The Illinois Wrongful Death Act, 740 ILCS 180/1 & 2, permits "the personal representatives of [the] deceased person," *id.* § 180/2, to bring a claim for "the injury suffered by the next of kin due to the loss of the deceased," *Wyness v. Armstrong World Indus., Inc.*, 131 Ill. 2d 403, 410, 546 N.E.2d 568, 571 (1989).

Abubakar argues that Abiola has not demonstrated that a competent authority has designated her the representative of her parents' estates and thus that she does not have standing to bring claims arising from their injuries and deaths. Mistakenly applying Nigerian law,[2] Abiola contends that it is sufficient for her to demonstrate at trial that she is an heir of her parents. The "longstanding rule" in Illinois, however, is that "the executor or administrator of a decedent's estate has standing to file suit on behalf of the decedent, but the legatees, heirs and devisees have no such standing." *Wilmere*, 152 Ill. App. 3d at 645, 504 N.E.2d at 918. "[O]nly the administrator or executor of a decedent's estate, and not the decedent's survivors, can maintain an action on behalf of the decedent under the Survival Act." *Id.*; *see id.* at 646, 504 N.E.2d at 918 (affirming the dismissal of claims pleading survival actions brought by decedent's parents and brothers); *Ramirez v. City of Chicago*, 82 F. Supp. 2d 836, 842 (N.D. Ill. 1999) (ruling that plaintiffs representing the next of kin and not the decedent's estate lack standing under the Survival Act). Thus in order to maintain surviving claims, Abiola must demonstrate that she is the executor or administrator of her parents' estates, or at least that she has been appointed special administrator (or the equivalent) for the purpose of prosecuting those claims.

Similarly, under the Wrongful Death Act, an individual does not have the right to bring a

---

[2]The Court presumes for purposes of this motion that Nigerian law is as plaintiff represents, although Abiola provided neither citations to Nigerian law nor the affidavit of a Nigerian law expert.

3

wrongful death action simply by virtue of being the decedent's heir. *See In re Estate of Harnetiaux v. Hartzell*, 91 Ill. App. 2d 222, 227, 234 N.E.2d 81, 83-84 (1968). "[O]*nly* the decedent's personal representative is permitted to file a claim. . . . The statute does not authorize the filing of individual causes of action." *Glenn v. Johnson*, 198 Ill. 2d 575, 584, 764 N.E. 2d 47, 52 (2002) (emphasis in original). To avoid multiple lawsuits, the Act requires that a single action be brought on behalf of all persons entitled to recover. *Pruitt v. Jockisch*, 228 Ill. App. 3d 295, 298, 591 N.E.2d 942, 944 (1992). To maintain her wrongful death action, Abiola must demonstrate that she has been duly designated as the estates' representative.

The purpose of the "personal representative" requirement in these statutes is twofold: to ensure that the person bringing the actions is authorized to do so and to avoid a multiplicity of lawsuits. Neither the Survival Act nor the Wrongful Death Act expressly specifies the manner in which a person is designated a "personal representative." The problem is that Abiola reveals no legal authorization to make claims on behalf of her parents' estates. She has not demonstrated the she has been designated the representative by way of *any* mechanism that ensures that the person acting on behalf of the estates is not only authorized to do so but is the sole person authorized to do so.

Abubakar urges that Abiola's claims be dismissed because of this defect. Although Abiola must provide more to convince the Court that she is a proper representative, immediate dismissal is not appropriate. Rather, the appropriate course is to allow Abiola a reasonable time to cure the defect. *Cf. Audio-Visual Mktg. Corp. v. Omni Corp.*, 545 F.2d 715, 719 (10th Cir. 1976) (action not brought by real party in interest should not be dismissed until plaintiff has been given reasonable time to remedy the defect); *Executive Jet Aviation, Inc. v. United States*, 507

4

F.2d 508, 514-15 (6th Cir. 1974) (giving real parties in interest opportunity to join action). Plaintiff has until October 23, 2003 to establish her capacity to sue under Illinois law. If she fails to do so, her claims other than her personal claim for intentional infliction of emotional distress will be dismissed for lack of capacity to sue.

*[signature]*
MATTHEW F. KENNELLY
United States District Judge

Date: August 25, 2003