**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HAFSAT ABIOLA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 02 C 6093 |
| ) | |
| ABDUSALAMI ABUBAKAR, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Hafsat Abiola, one of the plaintiffs in this case who brought suit under the Alien Tort Claims Act and the Torture Victim Protection Act, has moved for reconsideration of the Court's order denying her motion for leave to amend the complaint to add additional plaintiffs. Defendant Abdusalami Abubakar has moved for imposition of sanctions on Ms. Abiola and her attorney. Defendant has also moved to strike expert witness reports submitted by the plaintiffs in anticipation of an upcoming hearing on an issue relating to the TVPA claim. Familiarity with the general outlines of the case is assumed. *See, e.g., Abiola v. Abubakar,* 267 F. Supp. 2d 907 (N.D. Ill. 2003), *aff'd in part & remanded in part,* 408 F.3d 877 (7th Cir. 2005). For the reasons stated below, the Court denies each of the motions.

### Background

Ms. Abiola has asserted claims in a representative capacity on behalf of the estates of her deceased parents, M.K.O. Abiola and Alhaja Kudirat Abiola, and a claim on her own behalf for intentional infliction of emotional distress. On August 25, 2003, the Court issued a decision in

which we concluded that Ms. Abiola had not established her capacity to assert the representative claims. We gave Ms. Abiola sixty days, to October 25, 2003, to establish her capacity to assert those claims or face their dismissal; the deadline was later extended to January 15, 2004.

In early August 2003, defendant had appealed the Court's ruling denying his motion to dismiss the plaintiffs' complaint on the grounds that he was entitled to immunity from suit and that the plaintiffs had not complied with the exhaustion-of-remedies provision of the Torture Victims Protection Act, 28 U.S.C. § 1350 note. On December 8, 2003, the Court granted defendant's motion to stay proceedings in this Court pending resolution of the appeal. In June 2005, the Court of Appeals affirmed this Court's ruling on the immunity issue but concluded that plaintiffs were required to comply with the TVPA's exhaustion requirement. The case was remanded to this Court on June 14, 2005, and as a result the stay the Court had previously imposed terminated.

On June 28, 2005, the Court granted plaintiffs leave to amend their complaint to formally assert a TVPA claim. At that point (at the very latest), it was or should have been abundantly clear to Ms. Abiola and her counsel that she still needed to remedy her lack of capacity to assert the representative claims. And even if this somehow was not apparent at that point, on August 26, 2005, defendant again sought summary judgment, asserting among other grounds that Ms. Abiola had not cured her lack of capacity to pursue the representative claims.

On November 8, 2005, the Court entered an order declining to grant summary judgment on the basis of lack of capacity – due to the fact that the case had been stayed pending appeal – but we directed Ms. Abiola to submit, by January 6, 2006, documentation of her authority to sue on behalf of her parents' estates. Ms. Abiola did not comply with that order. For that reason, on

January 18, 2006, the Court entered an order granting defendant's request to renew his motion to dismiss Ms. Abiola's representative claim, and directing Ms. Abiola to respond to the motion to dismiss by February 3, 2006, a deadline we later extended at Ms. Abiola's request.

Ms. Abiola filed her response to defendant's motion to dismiss on February 23, 2006. In that response, she represented that she "has initiated efforts to get the letters of administration from Nigeria" but that "due to the judicial bureaucracy in Nigeria," the Probate Registry of the High Court of Lagos State "has not completed the process of granting the letters of administration." Pl. Response in Compliance with Court's Order (etc.) at 2 (docket no. 128). In the same response, Ms. Abiola said she wished to drop the representative claims and add individual damage claims on behalf of six additional children of M.K.O. Abiola and Kudirat Abiola. *Id.* In reply, defendant expressed skepticism regarding whether any request to obtain authority to sue on behalf of the estates actually was, or ever had been, pending in the Nigerian courts. Def. Reply at 4 (docket no. 129). Defendant objected to amendment of the complaint to add more claims, on the basis of undue delay. *Id.* at 5.

On February 27, 2006, the Court entered an order directing Ms. Abiola to file, on or before March 10, 2006, verification of her contention that a proceeding was pending in the Nigerian courts but had been delayed for reasons beyond her control. The order stated that "[s]pecifically, plaintiff is directed to file an affidavit from plaintiff, as well as an affidavit of counsel with personal knowledge (as opposed to hearsay) of the efforts plaintiff says she had initiated to obtain letters of administration in Nigeria, as well as verified copies of any and all documentation filed with any Nigerian court in this regard and copies of any orders issued by such court in connection with plaintiff's request to obtain letters of administration." Order of

3

Feb. 27, 2006 (docket no. 130).

Ms. Abiola did not comply with the Court's February 27, 2006 order; indeed, she made no effort to comply. Instead, Ms. Abiola filed another request in which she asked to amend the complaint to drop the representative-capacity claims and assert claims by additional individuals, as suggested in her earlier filing. In response, defendant pointed out that Ms. Abiola had not complied with the Court's order of February 27, 2006. Defendant accused Ms. Abiola and her counsel of having "repeatedly misled this court," arguing that it was apparent from Ms. Abiola's non-compliance that no proceeding to obtain the right to sue on behalf of the parents' estates had ever been filed. Def. Resp. to Pl's Mot. to Amend Compl. and Request for Sanctions (filed Mar. 9, 2006) at 1-2. Defendant's counsel submitted an affidavit in which he stated that he had traveled to Nigeria to determine whether any such proceeding had been commenced, had visited the Lagos State High Court, Probate Registry, and had learned that Ms. Abiola had never filed anything with that court. Defendant sought sanctions for what he contended was an attempt to defraud the court.

Both sides' counsel appeared before the Court on March 14, 2006, a previously-scheduled hearing for a report on status and for ruling on defendant's motion to dismiss. At the hearing, the Court inquired about plaintiff's non-compliance with our order of February 27, 2006. Plaintiff's attorney stated that contrary to what he had represented to the Court in his earlier filing, he had learned that no court papers had ever been filed in Nigeria to seek authority for Ms. Abiola to pursue claims on behalf of her parents' estates. He stated that Ms. Abiola's Nigerian counsel had previously reported that a court proceeding had been initiated, but that he (counsel in the present case) had since learned that this was untrue.

4

At the hearing on March 14, 2006, the Court denied plaintiffs' motion to amend the complaint and substitute parties. The basis for the ruling was that the amendment would not cure the flaw in the representative claims and that adding new plaintiffs over three years into the case would, under the circumstances, lead to undue delay. We also dismissed Ms. Abiola's representative claims, concluding that she had been given more than adequate time to take the steps necessary to establish her capacity to sue on behalf of her parents' estates. Finally, we advised plaintiffs' counsel that we had not excused Ms. Abiola from complying with our order of February 27, 2006, and we gave her another ten days to comply.

On March 22, 2006, Ms. Abiola filed her response to the February 27 order. Ms. Abiola submitted an affidavit in which she stated that in November 2003, after being advised that she had to establish her capacity to represent her parents' estates, she retained Nigerian counsel to take the necessary steps. Abiola Affid. ¶¶ 2-4. She stated that she had several contacts with the Nigerian attorney (she did not say when) and was assured that the matter was progressing. *Id.* ¶ 5. Later, on a date she did not specify, Ms. Abiola was advised by counsel in the present case that she needed to produce evidence that she had commenced the required court proceeding. As a result, she contacted her Nigerian attorney, who advised her that he had not filed the necessary documentation with the appropriate court due to ongoing litigation regarding the parents' estates. *Id.* ¶¶ 7-8. Upon learning this, Ms. Abiola stated, she asked counsel in the present case to drop the representative claims. *Id.* ¶ 8. Plaintiff and her counsel stated that they never intended to deceive this Court but instead had relied on the representations of Nigerian counsel. Pl. Resp. to Court Order (docket no. 141) at 2. Plaintiff also submitted an affidavit from a Nigerian attorney, Ifeyani Maduabuchi, who stated that he had been retained by Ms. Abiola but had not initiated

5

court proceedings "due to the ongoing law suits regarding the Estate of [Ms. Abiola's] parents." Maduabuchi Affid. ¶ 3. Mr. Maduabuchi's affidavit did not address Ms. Abiola's contention that he had told her that the matter was progressing.

Two days later, on March 24, 2006, Ms. Abiola filed a supplemental response to defendant's request for sanctions. In this response, Ms. Abiola stated that her United States counsel had retained Nigerian counsel to verify the claim of defendant's counsel that he had conducted a search at the Probate Registry of the High Court of Lagos State. Nigerian counsel stated that the court's Registrar had reported that there was no record reflecting that defendant's counsel had paid the fee that would have been necessary to conduct a search of the court's records. Based on this, plaintiff's counsel alleged that the claim made by defendant's counsel was untrue. *See* Pl's Further Resp. in Opp. to Mot. for Sanctions (docket no. 144).

## Discussion

Plaintiffs have now moved for reconsideration of the Court's order denying their motion to amend the complaint. The motion is denied. It is far too late in the day to add new plaintiffs with individual claims. Doing so would complicate the proceedings immeasurably. First, the new plaintiffs evidently live in Nigeria, making discovery difficult at best. Second, in view of the unusual number of problems the Court has experienced in Ms. Abiola's and her counsel's prosecution of this case,[1] it is a virtual certainty that allowing the requested amendment at this late date would lead to undue delay and would unfairly prejudice the defendant. These are

---

[1] To cite just some examples, the inability to establish Ms. Abiola's representative status; the recent problems that led to the delay of a long-scheduled evidentiary hearing; counsel's and Ms. Abiola's apparent failure to confirm, for a period of more than two years, their claimed filing of a proceeding in Nigerian court; and the untruth – negligent at best – of those claims.

appropriate bases for denying leave to amend. *See, e.g., Park v. City of Chicago,* 297 F.3d 606, 613 (7th Cir. 2002) (delay plus unfair prejudice to defendant may justify denial of leave to amend). *See generally Foman v. Davis,* 371 U.S. 178, 182 (1962) (leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

The Court also notes that there is no suggestion that the proposed new plaintiffs were unaware of the pendency of this case. Plaintiffs have provided no explanation for the proposed new plaintiffs' failure to assert their claims in a more timely fashion, if they truly wished to pursue them. (There is at least a decent chance that the new plaintiffs' claims would be time-barred at this point.) Finally, given the prior history, the Court is unwilling to take it on faith that the proposed new plaintiffs actually wish to pursue such claims in this case, or to be represented by Ms. Abiola's counsel. Plaintiffs have filed nothing to confirm this; we only have the say-so of Ms. Abiola's counsel.

For these reasons, the Court denies plaintiffs' motion for reconsideration.

The Court also denies, however, defendant's previously-referenced motion for sanctions. Though a federal statute, 28 U.S.C. § 1927, permits a court to order a lawyer to pay "excess costs, expenses, and attorneys' fees reasonably incurred" if the lawyer "multiplies the proceedings in any case unreasonably and vexatiously," a court may impose sanctions under that statute only "where that attorney has acted in an objectively unreasonable manner by engaging in a 'serious and studied disregard for the orderly process of justice' ... or where a 'claim [is] without a plausible legal or factual basis and lacking in justification.'" *Badillo v. Central Steel*

*& Wire Co.,* 717 F.2d 1160, 1166 (7th Cir. 1983) (citations omitted). Sanctions may be imposed under § 1927 for vexatious conduct based on a showing of either subjective or objective bad faith. *Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 120 (7th Cir. 1994) (quoting *Walter v. Fiorenzo,* 840 F.2d 427, 433 (7th Cir. 1988) (internal quotations omitted)). The objective standard is satisfied by "extremely negligent conduct, like reckless and indifferent conduct." *Id.* at 120. The Court is unable to conclude based on the materials submitted by defendant that Ms. Abiola or her attorney were reckless or *extremely* negligent. More specifically, given the claim that Ms. Abiola's Nigerian attorney misled her, the evidence presented by defendant does not permit a conclusion with any degree of certainty that Ms. Abiola or her United States counsel were reckless or extremely negligent in relying on what Nigerian counsel stated.

Finally, the Court denies without prejudice defendant's motion to strike plaintiffs' expert witness reports regarding the TVPA exhaustion issues, based on our earlier ruling directing the deposition of one of the witnesses (who resides in the United States) and the questioning under oath by appropriate means of the other (who lives in Nigeria). If those procedures do not take place, defendant may renew the motion if he wishes.

**Conclusion**

For the reasons stated above, the Court denies plaintiff's motion for reconsideration (docket no. 139), defendant's request for sanctions (docket no. 133), and defendant's motion to

8

strike expert witness reports (docket no. 142).

_____
                     MATTHEW F. KENNELLY
                   United States District Judge

Date: April 13, 2006