# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HAFSAT ABIOLA, et al., | ) |
|               Plaintiffs, | ) |
| vs. | ) Case No. 02 C 6093 |
| ABDULSALAMI ABUBAKAR, | ) |
|               Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs have moved the Court to sanction the defendant and his attorney due to the defendant's failure to appear for his deposition. For the reasons stated below, the Court agrees with plaintiffs that a proper basis to impose a severe sanction exists but will give the defendant one final opportunity to appear for his deposition as previously ordered.

To understand the motion and the Court's ruling, some background regarding the history of the case is required.

### Background

The defendant, Abdusalami Abubakar, is a former member of the military regime that ruled Nigeria from November 1993 to May 1999. The plaintiffs are Nigerian citizens who were allegedly tortured, or whose parents were allegedly tortured, at Abubakar's behest because they criticized the military regime while it was in power. They have sued Abubakar under the Alien Tort Claims Act (ATCA), 28 U.S.C. § 1350, and the Torture Victim Protection Act (TVPA), 28 U.S.C. § 1350 note § 2(a). The case has been the subject of a number of written decisions by

this Court, as well as one decision by the Court of Appeals on an interlocutory appeal.

Plaintiffs originally filed the case in the Eastern District of Michigan in February 2001. In early April 2001, plaintiffs asked the Clerk of that court to enter Abubakar's default pursuant to Rule 55(a), saying that he had been served with summons and the complaint at Chicago State University in Chicago on February 23, 2001 but had not responded. The Clerk entered Abubakar's default.

Later in April 2001, plaintiffs moved for entry of a default judgment against Abubakar. In response, Abubakar moved to set aside the Clerk's earlier entry of default, saying that although he had been in Chicago on February 23, 2001, he "did not receive service of process" but only heard about the case after he returned to Nigeria. *See* Motion to Set Aside the Clerk's Entry of Default (filed Apr. 26, 2001). He also moved for leave to file a late answer. Judge Bernard Friedman, who was presiding over the case, granted the latter motion in June 2001 and thus denied plaintiffs' motion for a default judgment. In October 2001, the judge entered an order directing the parties to complete discovery by April 15, 2002.

Plaintiffs eventually moved again for entry of a default judgment against Abubakar, saying that he had refused to make himself available for a deposition. Judge Friedman granted this motion on March 1, 2002. His order stated:

> Plaintiffs first noticed [Abubakar's] deposition for October 10, 2001. Defendant failed to appear. Plaintiffs obtained this court's order requiring defendant to appear for deposition on January 23, 2002. Again, defendant failed to appear. The court immediately conducted a hearing. Defense counsel assured the court, and opposing counsel, that defendant would appear for deposition on February 11, 2002. The court admonished defendant, through his attorney, that the court would consider entering a default judgment against him if he failed to appear on the rescheduled date. On February 11, 2002, defendant once again failed to appear for his deposition.

Order of Mar. 1, 2002. The court entered a default judgment against Abubakar pursuant to Rule 37(b)(2)(C).

Abubakar was, however, given a reprieve as a result of ensuing events. He moved for reconsideration of the entry of default judgment, arguing among other things that personal jurisdiction was lacking over him in Michigan. On April 25, 2002, Judge Friedman granted Abubakar's motion for reconsideration, vacated the default judgment, and dismissed the claims against Abubakar for lack of personal jurisdiction.

Plaintiffs then moved for reconsideration, attaching, among other things, a color photograph that showed Abubakar reading the complaint at Chicago State University. Judge Friedman granted plaintiffs' motion in part, deciding to transfer the case to this District pursuant to 28 U.S.C. § 1406(a) rather than dismiss it outright. *See* Order of July 17, 2002 at 9 ("the usual procedure should be transfer rather than dismissal").

Following transfer of the case to this Court, the Court held a status hearing in October 2002, during which Abubakar's counsel stated that he intended to move to dismiss plaintiffs' amended complaint. Plaintiffs objected that certain issues that Abubakar might raise had been ruled upon in Michigan or waived. The Court nonetheless set a briefing schedule, saying that it would decide what issues were appropriately raised if and when Abubakar filed his motion to dismiss.

Instead of moving to dismiss, however, Abubakar filed a motion asking the Court to rule that plaintiffs had to re-serve him with summons because the case had been transferred. The Court denied that motion on January 7, 2003. The Court's reasoning was set forth as follows:

> The cases relied upon by defendant stand only for the proposition that if service was not properly obtained or personal jurisdiction is lacking before transfer of a

> case, transfer does not cure the defect. *See, e.g., McCurdy v. American Board of Plastic Surgery,* 157 F.3d 191, 195-96 (3d Cir. 1998); *Buggs v. Ehrnschwender,* 968 F.2d 1544, 1548 (2d Cir. 1992). They do not support the proposition for which defendant cites them, namely that the defendant must always be re-served following a §1406 transfer irrespective of whether proper service had been obtained when the case was pending in the original forum. And without authoritative support in the case law, that proposition has nothing in its favor other than empty formalism. The purpose of service of process – "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections," *Henderson v. United States,* 517 U.S. 654, 672 (1996) – was satisfied when defendant was originally served, and nothing further would be gained by requiring re-service.
>
> This case did not come to this District with an existing defect in service or personal jurisdiction, at least not one that the defendant had preserved. Defendant does not appear to claim that he was not served with summons (he did so when the case was pending in Michigan, but plaintiffs rebutted this via the best evidence of service this Court has ever seen, a photograph showing the defendant reading the plaintiffs' complaint). And even if there was a defect in personal jurisdiction, defendant waived that defect by answering the complaint without raising the defect via a motion under Rule 12(b) or an affirmative defense. *See* Fed. R. Civ. P. 12(h)(1); *see also, e.g., Linc Finance Corp. v. Onwuteaka,* 129 F.3d 917, 921 (7th Cir. 1997).

Order of Jan. 7, 2003.

Abubakar then filed a motion for summary judgment, challenging subject matter jurisdiction and (despite the Court's January 7, 2003 order) personal jurisdiction. The Court decided to defer discovery pending determination of the subject matter jurisdiction issue. *See* Order of Feb. 16, 2003. On June 17, 2003, the Court ruled that Abubakar had sovereign immunity for certain aspects of plaintiffs' claims but not for the claims in their entirety. *See Abiola v. Abubakar,* 267 F. Supp. 2d 907 (N.D. Ill. 2003). The Court again rejected Abubakar's personal jurisdiction argument for the reasons it had earlier cited. *Id.* at 917.

The Court thereafter denied Abubakar's motion for reconsideration, which challenged, among other things, the Court's ruling on the personal jurisdiction issue. In denying

4

reconsideration, the Court ruled that even if Abubakar had not waived objection to personal jurisdiction, due process was satisfied, and thus personal jurisdiction existed under Illinois law, by reason of the service of summons upon Abubakar when he was voluntarily in Chicago. *See* Order of July 8, 2003 (summarizing an oral ruling made in open court on that date).

Plaintiffs renewed their motion to compel Abubakar to appear for deposition in this country, arguing (as they had previously, and as Judge Friedman had ruled) that Abubakar's counsel had agreed to produce Abubakar in the United States. Abubakar argued that there had been no such agreement. After considering briefs on the issue, the Court ruled that both Abubakar and planitiffs had, in fact, made an enforceable agreement to appear in this country for their depositions. Plaintiffs had held up their end of the agreement by traveling here at their own expense to be deposed, but Abubakar had reneged. The Court entered an order directing that the "[d]eposition of Gen. Abubakar is to be taken by 12/31/03 at an agreed upon place in the United States," and that discovery was to be completed by March 31, 2004. *See* Order of Aug. 12, 2003.

Abubakar again obtained a temporary reprieve. He filed an interlocutory appeal of the Court's decision rejecting in part his sovereign immunity defense and then persuaded this Court to stay proceedings in the case pending resolution of the appeal. *See* Order of Dec. 8, 2003. The case remained under advisement in the Court of Appeals until late May 2005, when that court issued a ruling affirming this Court's decision on the sovereign immunity issue. *See Enoharo v. Abubakar,* 408 F.3d 877 (7th Cir. 2005). The Court of Appeals said, however, that plaintiffs' claims were subject to the Torture Victim Protection Act, which requires a plaintiff to exhaust available judicial remedies in the place where the underlying conduct occurred, unless there is no

such available remedy. *Id.* at 885-86. The court remanded for consideration of whether plaintiffs should be allowed to assert a claim under the TVPA and, if so, for consideration of the issue of exhaustion.

On remand, this Court permitted plaintiffs to pursue a TVPA claim. Plaintiffs asserted that they had no available judicial remedy in Nigeria and that they were, therefore, excused from the TVPA's exhaustion requirement. The Court held an evidentiary hearing on the exhaustion issue and ruled in plaintiffs' favor, thereby excusing them from the exhaustion requirement. *See Abiola v. Abubakar,* 435 F. Supp. 2d 830 (N.D. Ill. 2006).

At a status hearing on July 26, 2006, Abubakar advised the Court that he had filed a notice of appeal from the ruling on the TVPA exhaustion issue. The Court said that it did not believe the order was properly appealable and that the case would proceed unless and until it was stayed. Abubakar's counsel said he intended to file a motion to stay. He never ended up doing so, however.

At a status and motion hearing on August 16, 2006, Abubakar's counsel said that he intended to ask this Court to certify the TVPA exhaustion issue for interlocutory appeal under 28 U.S.C. § 1292(b). The Court set a schedule for briefing that motion. The Court noted, however, that no stay of the case was in effect, and it stated that it would not entertain a stay until it certified the case for appeal or the court of appeals accepted jurisdiction of Abubakar's earlier attempted interlocutory appeal. The Court also noted that it had already ruled that Abubakar was required to appear in this country for his deposition, though it asked plaintiffs not to take steps to schedule the deposition until the Court had ruled on whether to allow an interlocutory appeal.

On September 20, 2006, the Court issued a decision denying Abubakar's request to

certify the case for an interlocutory appeal. *Abiola v. Abubakar,* No. 02 C 6093, 2060 WL 2714831 (N.D. Ill. Sept. 20, 2006). On that same date, the Court ordered fact discovery to be completed by June 19, 2007 and also set an expert disclosure and discovery schedule. The Court advised counsel that these were firm deadlines.

## Plaintiffs' motion for sanctions

In their motion for sanctions, plaintiffs state that on September 23, 2006, their counsel forwarded a notice of deposition to Abubakar's counsel, setting November 15, 2006 as the date for Abubakar's deposition (and taking the Court up on an offer to allow the deposition to be conducted in its attorney-witness room). Defendant and his counsel failed to appear on that date. Plaintiffs argued that both defendant and counsel should be held in contempt or in the alternative "for such other relief as this Court may deem appropriate." Motion at 5. At the initial court hearing when the motion was presented, the Court expressed doubt whether contempt would be an appropriate sanction but said that it would consider any other sanction authorized by the Rules of Civil Procedure.

In response to the motion, Abubakar's counsel stated that in a conversation he had with plaintiffs' counsel on October 3, 2006, plaintiffs' counsel made reference to a notice of deposition. According to Abubakar's counsel, he first received the notice on October 10, 2006 and then called plaintiffs' counsel to advise that neither he nor his client could be available on the scheduled date of November 15, 2006. He argued that once plaintiffs' counsel was told that the date was "not convenient or practicable," plaintiffs' counsel had a duty to arrange for another date. Response ¶ 7. Abubakar also referred to issues regarding the proper scope of discovery but did so only in vague and general terms. *Id.* ¶ 8.

7

In reply, plaintiffs' attorney stated that he "made [a] diligent attempt to confer with the Defendant's attorney before fixing the date of the Defendant's deposition but the Defendant's attorney informed the Plaintiffs['] attorneys that he would not commit himself to any date because he knew that his client will never appear for deposition." Reply ¶ 2. Plaintiffs' attorney also stated that Defendants' attorney had advised him that "even if this Honorable Court grants a default judgment as a result of his client['s] failure to attend deposition, he (the Defendant's counsel) would appeal the decision which would further prolong the case for another period of not less than six years." *Id.* ¶ 4. Plaintiffs' counsel said that he sent the notice of deposition for November 15, 2006 only after this expression by Abubakar's counsel of refusal to cooperate in scheduling Abubakar's deposition. *Id.* ¶ 5. Plaintiffs' counsel said that – contrary to the claim of defendant's counsel – he had received no communication from counsel until an e-mail dated October 18, 2006.

Plaintiffs' counsel also advised the Court that Abubakar's counsel had told plaintiff's counsel that he had advised the Nigerian government to take steps in that country to attempt to foreclose the taking of Abubakar's deposition. *See* Reply ¶ 18. Consistent with these representations by Abubakar's consel, plaintiffs advised, the Nigerian government had filed an action in Nigeria on or about February 14, 2007 – *after* the filing of plaintiffs' current motion – naming plaintiffs' counsel and Abubakar as defendants. In that action, the Nigerian government requests a court order to bar or limit Abubakar from giving testimony in the case and an order against plaintiffs' counsel that any effort to procure such testimony would be a crime under Nigeria's Official Secrets Act. *See* Reply (attachment).

**Discussion**

The Federal Rules of Civil Procedure unambiguously permit a court to sanction a party for failing to obey an order to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2). The sanctions may include:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> . . . .

Fed. R. Civ. P. 37(b)(2)(A-C).

Even more to the point, the Rules provide that when a party fails to appear for a deposition after proper notice, the Court "may make such orders in regard to the failure as are just," including imposing any of the sanctions listed above. Fed. R. Civ. P. 37(d). Significantly, the Rules state that a party's failure to appear "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." Abubakar filed no such motion, even though the Court, at the previously mentioned hearing on August 16, 2006, had invited him to do so. Instead, he simply chose not to appear.

In dealing with Abubakar's conduct, the Court does not write on a clean slate. Abubakar and his counsel previously refused to appear on multiple occasions for his deposition when the

case was still pending in the Eastern District of Michigan, despite their repeated commitments to do so. Their noncompliance reached the point that Judge Friedman entered a default judgment – from which Abubakar was saved only by what ultimately turned out to be his meritless personal jurisdiction defense.

The record of recent events reflects that Abubakar and his counsel have returned to their old ways. Abubakar's counsel has made it clear to plaintiffs' counsel that Abubakar has no intention of appearing for his deposition, despite his earlier commitments and the Court's orders. Counsel's apparently successful effort to get the Nigerian government to take action in that country are consistent with Abubakar's apparent determination not to comply with this Court's orders. In this regard, it is worth noting that on the occasions when Abubakar's deposition was scheduled while the case was still pending in Michigan – by notice of deposition, by order of court, and by agreement of counsel – neither Abubakar nor the Nigerian government interposed any claim that Abubakar's testimony would be in the least bit improper. Rather, the efforts of Abubakar's counsel to procure the filing of the suit in Nigeria appear to amount to a last-ditch effort to prevent Abubakar from having to appear or face the consequences.

In short, it is abundantly clear to the Court that Abubakar and his counsel have used, and will continue to use, whatever delaying tactics are necessary to evade this Court's unequivocal order directing him to appear in this country for a deposition, as he had previously committed to do. Abubakar was not required to appear and defend this case – indeed, in most cases under the TVPA and the ATCA, non-US defendants simply do not respond – but he chose to do so. After making that choice, Abubakar and his counsel made binding commitments, and the Court made binding orders, that Abubakar is not now entitled simply to wave away with his hand. Non-

10

compliance with the Court's orders and with his obligations under the Federal Rules of Civil Procedure subjects Abubakar to sanction just like any other litigant.[1]

The Court would be entirely within its discretion were it now to enter a default judgment against Abubakar. The law does not require the imposition of "progressive" sanctions, *see Rice v. City of Chicago,* 333 F.3d 780, 784 (7th Cir. 2003); *Williams v. Chicago Bd. of Educ.,* 155 F.3d 853, 858 n.5 (7th Cir. 1998), and it does not even require a "warning shot" before entry of an adverse judgment when sanctionable conduct has occurred. *See, e.g., Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir. 1996). In any event, several warning shots *have* been fired in this case – specifically, Judge Friedman's order requiring Abubakar to appear for his deposition; Judge Friedman's later-vacated order granting a default judgment due to Abubakar's failure to appear; this Court's order requiring Abubakar to appear for his deposition; and the Court's reminder to counsel on August 16, 2006 regarding the order to appear.

The Court recognizes that entry of a judgment (against either party) is a severe sanction and that our system favors resolving cases on their merits. *See, e.g., Schilling v. Walworth County Park & Planning Comm'n,* 805 F.2d 272, 273 (7th Cir. 1986). Though a single, arguably inadvertent misstep does not warrant a sanction so severe, *see Long v. Steepro,* 213 F.3d 983, 986-87 (7th Cir. 2000), that is not what has occurred here. Rather, there has been a clear pattern of knowing, indeed studied, noncompliance with the orders of this Court and Judge Friedman regarding the taking of Abubakar's depsition. In such circumstances, entry of a judgment may be an appropriate sanction. *Long,* 213 F.3d at 986; *Downs,* 78 F.3d at 1256. Indeed, the failure

---

[1] The Court has no desire to run afoul of the Nigerian justice system, but our responsibility is to follow the laws that apply to the present case, which was filed here and which Abubakar has willingly chosen to defend here.

to appear for deposition is treated as a more significant violation than other discovery abuses. *See Halas v. Consumer Servs., Inc.,* 16 F.3d 161, 165 n. 6 (7th Cir. 1994) (holding that dismissal for failure to appear for deposition does not require a finding of willfulness). But even if willfulness is required, it is present here.

The Court's only hesitancy in entering a default judgment now concerns the slight ambiguity concerning the setting of the actual date for Abubakar's deposition. Plaintiffs' counsel set the deposition as he was entitled to do; the Rules do not require a party to get the other side's okay before scheduling a deposition date. Plaintiffs' only obligation was to "give reasonable notice in writing," Fed. R. Civ. P. 30(b)(1), which they quite clearly did. If Abubakar's counsel had a problem with the date, then it was up to him to advise plaintiffs' counsel of that. Abubakar's counsel says he did so, but he does not contend that plaintiffs' counsel agreed to move the date. Indeed, Abubakar's counsel concedes that plaintiffs' counsel did not do so. *See* Resp., Ex. B (e-mail dated Oct. 18, 2006). That being the case, it was incumbent on Abubakar's counsel to move for a protective order if the date was not acceptable. He did not have the option of sitting back, failing to appear, requiring plaintiffs to take action, and then (and only then) crying foul to the Court.

That said, before entering a default judgment the Court wants it to be abundantly clear to Abubakar and his counsel exactly what their obligations are, and exactly what consequences they face if they fail to comply. The Court will, in this order, set a final date on which Abubakar and counsel are to appear for deposition. The deposition will take place, as previously offered by the Court, in the attorney-witness room across the hall from Courtroom 2103. The date for the deposition will be April 13, 2007 at 9:00 a.m. Abubakar and his counsel are ordered to appear at

that date, time, and place. If either of them fails to appear, the Court will, on that date, enter Abubakar's default and will set the matter for a prove-up of plaintiffs' damages. Counsel for plaintiff responsible for conducting the deposition are ordered to appear as well.[2] Counsel for plaintiff must make his own arrangements in advance for a private court reporter; Judge Kennelly's court reporter will be unavailable.

The reason for the April date is that plaintiffs' counsel first attempted to schedule the deposition back in November 2006, and at this point the discovery cutoff date is fast approaching. The Court recognizes that it is setting this date without the input of counsel. But given prior difficulties in this case with scheduling court appearances, and the claimed problems in scheduling the date for the November deposition of Abubakar, the Court is not going to leave it up to the parties. If either side's counsel or Abubakar has a scheduling problem with that date, they have ample time to resolve it so that they can appear. The Court will not entertain any motions to move the date, for whatever reason.[3] Nor will it entertain any motions for protective order or otherwise to alter the scope of the deposition. The time for such motions came and went long ago (both in 2001, when the deposition was originally scheduled to take place in Detroit, and in late November 2006, when it was scheduled to take place here).[4]

---

[2] There have been occasions in this case in which counsel for one side or the other have failed to make it to Chicago for a court hearing due to claimed transportation problems on the morning of the hearing. Both sides' counsel and Abubakar should arrange to be in Chicago at least a day before the deposition. *Transportation problems, even if caused by weather, will not excuse a failure to appear.*

[3] The Court also notes that each side has multiple counsel representing it, so if one attorney is unavailable for some reason, another can step in. Again, counsel should be prepared *in advance* for all eventualities.

[4] The Court's staff is advising both sides' primary counsel by telephone on this date of
(continued...)

13

**Conclusion**

For the reasons stated above, final ruling on plaintiffs' motion for sanctions is deferred. The Court orders defendant Abubakar to appear for deposition on April 13, 2007 at 9:00 a.m. at the attorney-witness room across the hall from Courtroom 2103 at 219 South Dearborn Street, Chicago, Illinois. Abubakar's counsel and plaintiffs' counsel are likewise ordered to appear. If either Abubakar or his counsel fails to appear, the Court will, on that date, enter Abubakar's default and will set the matter for a prove-up of plaintiffs' damages.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 19, 2007

---

⁴(...continued)
the entry of this decision and is posting the decision on Judge Kennelly's web page so that counsel may review it even before they receive the copy from the docketing department of the Clerk's office.