# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAFSAT ABIOLA, ET AL. | : |
| Plaintiffs, | : No.: 02-cv-06093 |
| V. | : Hon. Judge Matthew F. Kennelly |
| GENERAL ABDULSALAMI ABUBAKAR | : |
| Defendant. | : |

## Defendant's Motion to Strike Plaintiffs' Pleading (Doc. No. 205)
### (*Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure*)

COMES NOW Defendant, General Abdulsalami Abubakar, and hereby files this motion to strike the pleading of Plaintiffs entered into the docket as document number 205. As grounds for this motion, Defendant states as follows:

(1) The issues concerning any court proceedings in Nigeria aimed at preventing Abubakar from giving testimony in this case were not part of the original motion or the opposition thereto, and therefore plaintiffs' reply is not the appropriate venue to raise such issues for the first time.

(2) In the said Plaintiffs' reply Plaintiffs' counsel stated that Defendant's counsel threatened him with an arrest by the Nigerian Government over this case. Such a claim was not substantiated by any evidence whatsoever. It is scandalous as to Defendant's counsel, the Defendant and the Nigerian Government. To suggest that a country's criminal justice system could be so flimsily invoked against the Plaintiffs' counsel is totally vexatious and scandalous. Without striking that pleading or parts thereof, Defendant's counsel may be left with no option but to take every measure

1

necessary to redeem his name by proving that the statements of Plaintiffs' counsel were false.

(3) All the statements of Plaintiffs' counsel about communications with Defendant counsel regarding intentions to delay this case and to advise the government of Nigeria to take any specific actions are totally false and indeed, Plaintiffs' counsel has no evidence of any such communication other than his say-so. See **Exhibits 1 and 2** as evidence that Defendant's counsel made efforts to prevent Plaintiffs' counsel attributing statements to Defendant's counsel.

(4) As a matter of public policy, it is not proper for a counsel to hide under a court process to make statements which would have constituted defamation if they were make not in the course of litigation. The statements of Mr. Oladele to the effect that he was threatened by Defense counsel was false, malicious and calculated to injure the character of Mr. Ugwuonye and to achieve a maximum effect. Mr. Oladele dutifully disseminated his pleading through the Nigerian media. By projecting false statements through the means of a pleading, he gave such statements the appearance of validity and respectability. See **Exhibit 3** attached, particularly page 3 thereof.

(5) *Rule 12(f), Fed. Rule of Civ. Proc.* allows the court on its own motion or at the instance of a motion to strike (filed within 20 days of the offending pleading) to strike an offensive pleading. Plaintiffs' pleading was filed on March 7, 2007. Defendant files this motion to strike on March 22, 2007, clearly within the time allowed by the rules. Besides, the court has not time limit if it decides on its own to strike that pleading.

WHEREFORE, Defendant Abubakar respectfully requests the Court to strike Plaintiffs' reply (Doc. No. 205) and to make such other order as the court may deem fit and just in the circumstance.

Respectfully submitted March 22, 2007

ECU ASSOCIATES, PC

By:

_____/s/_____
Ephraim Emeka Ugwuonye, Esquire
850 Sligo Avenue, Suite 400
Silver Spring, MD 20910
Tel: 301-588-9315
Fax: 301-588-9318

CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served via the CM/ECF system upon the Plaintiffs' attorneys of record.

_____/s/_____
Ephraim Emeka Ugwuonye, Esquire