Ephraim Ugwonye

**DEFENDANT EXHIBIT No. 3**

http://www.saharareporters.com/www/news/detail/?id=285

**ABIOLA'S DEATH: NIGERIAN GOVERNMENT IN MASSIVE COVER UP**

Last View on Wed 14th March, 2007
Last Modified on Mon 12th March, 2007 2:43:35 am
Author: Admin Sahara

# ABIOLA'S DEATH: NIGERIAN GOVERNMENT IN MASSIVE COVER UP

The rights abuse case against the erstwhile Nigerian military dictator, Gen. Abdusalam Abubakar which is currently at discovery stage has thrown the Federal Government of Nigeria into a frenzy situation which may have forced the Government to unsuspectingly seek a Court Order to delegitimize the setting up of the *Oputa Panel* and its report. *Saharareporters* can confirm that the Attorney-General of the Federation, Chief Bayo Ojo in a bid to forestall the Plaintiffs, Chief Anthony Enahoro, Dr. Arthur Nwankwo and Hafsat Abiola from obtaining evidence from General Abubakar on the incarceration and subsequent death of Chief M.K.O Abiola and the role of the military government in Chief Abiola's death has advised the Federal Government to forestall the U.S case against Abubakar by dragging the Plaintiffs lawyers to court in Nigeria.

In an Originating Summons filed at an Abuja High Court by the Nigerian Government in Abuja, in Suit No: **FHC/ABJ/CS/62/07: Federal Republic of Nigeria v. Gen. Abdusalam Abubakar, Kayode Oladele, Austin Agomuoh and Akinwole Ogunlola**, the Government of Nigeria wants the Abuja High Court to resolve the following questions among others:

1. Whether Gen. Abubakar is not estopped by the Provisions of the Official Secret Act Cap 335 LFN 1990, and more particularly Sections 1,2 and 8(1)(a) of the said Act, from transmitting any details and or information relating to his involvement in, membership of, participation in or information discovered, received, gathered, disclosed or obtained from, during or at any meetings, minutes of meetings, discussions and events or occurrences of the Provisional ruling Council, or Armed Forces Ruling Council (AFRC)(Highest legislative/executive authority for the Federal Republic of Nigeria for the time in question or any other position of authority within the Nigerian Government or Armed Forces subject him to nondisclosure under the Official Secrets Act starting in 1992 and continuing to May 29, 1999. Specifically, whether Gen. Abubakar is not estopped from disclosing any details and or information concerning operational planning and execution of federal security initiatives including but not limited to arrests, warrants issued, persons arrested, detained and or interrogated the subject of such arrest, detention or disposition of such detention and interrogation or the nature of information secured, location of such arrest and detention and any methods used by the Nigerian military and Security Forces to establish or secure relevant information and compliance with local laws or submit to the authority of the organs and persons of or in government. This prohibition extends to any persons or group thereof in any place within and outside Nigeria, whether or not pursuant to a Court Order, or before any court of law within and outside Nigeria;
2. Whether the totality or otherwise of details and information refereed to in paragraph 1 above is considered "classified matter" within the meaning of section 9(1) of the Official secrets Act Cap 335 LFN 1990;
3. Whether Gen. Abubakar is not a "public officer" within the meaning of section 9(1) of the Official Secrets Act cap 335 LFN 1990;
4. Whether Kayode Oladele, Austin Agomuoh and Akinwole Ogunlola (plaintiff's attorneys) are not estopped by the provisions of Section 8(1) (b) of the Official Secrets Act from aiding, abetting, counselling, inciting, procuring or commanding the commission of the acts prohibited by sections 1 and 2 of the Official secrets act Cap 335 LFN 1990.

In the 26-paragraph affidavit of support which was sworn to by one Prof. Yemi Akinseye-George, who described himself as the "Special Assistant" to the Attorney-General of Nigeria, the Professor states that he knows as a fact that Gen. Abubakar, 1st respondent in the case, retired from the Nigerian Army effective 29th, May, 1999 when he handed over the reins of government to Chief Olusegun Obasanjo. He further averred that immediately before handing over power, Gene. Abubakar was the Head of State of the Federal republic of Nigeria and Chairman of the Provisional ruling Council (PRC) which was the highest ruling organ of the Federal Republic of Nigeria between November 17, 1993 and May, 1999, and which organ fused the legislative

From: EQUI-LAW NETWORK 2023378072 03/22/2007 13:58 #080 P.002
Case: 1:02-cv-06093 Document #: 209-3 Filed: 03/22/07 Page 2 of 3 PageID #:1403

Page 2 of 3

and executive functions of government.

Noting that planning and other related military and government's efforts are prohibited from public disclosure, the said Professor avers further that the information and documents which the Plaintiffs seek to obtain from Gen. Abubakar on his role as a military officer in the Nigerian Army and former government official are classified under the laws of Nigeria. The Special Assistant to the Justice Minister therefore, stated that only a Court Order can restrain Kayode Oladele, Austin Agomuoh and Akinwole Ogunlola from continuing with their illegal acts aimed at compelling Gen. Abubakar from disclosing information or releasing documents which are inimical to the security and sovereign interests of the Federal Republic of Nigeria.

The Federal government therefore, prays the Court to declare that continuing efforts by Kayode Oladele and other Plaintiffs attorneys is an offence under the Official Secrets Act and any disclosure of same by General Abubakar or any other respondent is an offence under the Official secrets Act. The Government further prays the Court for an Order perpetually restraining Abubakar from divulging, transmitting or otherwise releasing any information of his involvement and actions or contribution to or in any meetings, minutes of minutes, discussions and happenings or events or occurrences of the PRC or SMC or any other highest legislative/executive council of the Federal Republic of Nigeria for the entire period under question which shall include but not limited to administrations of General Ibrahim Babangida and General Sani Abacha up and until May 29, 1999; and more particularly and details and or information concerning any security operations and other initiatives to secure the country or to suppress, resist and diminish and opposition to the governments of the day including but not limited to arrests, detentions, interrogations, detention locations or conditions including any known causes of injury or demise and any security or medical reports regarding same or the methods or operations of the Nigerian Security Forces or agencies in any particularly described above.

According to legal analysts, the present action by the Federal government is against the spirit behind the setting up of the *Oputa Panel*. The whole essence of the Oputa Panel was to investigate the human rights abuses within the periods in question. However, if the government now believes that all human rights abuses that occurred during the military regimes including information concerning any security operations and other initiatives to secure the country or to suppress, resist and diminish and opposition to the governments of the day including but not limited to arrests, detentions, interrogations, detention locations or conditions including any known causes of injury or demise and any security or medical reports regarding same or the methods or operations of the Nigerian Security Forces are protected by the Official Secrets Act, it makes a mockery of the *Oputa Panel* and renders the entire exercise a waste of tax payers money.

It further shows the hypocrisy of the Obasanjo's administration by pretending to be committed to the objectives of the Oputa Panel. Analysts also observe that joining Gen. Abubakar as a co-defendant with Plaintiffs attorneys is just a cover up to give the impression that he knows nothing about the Government's move to protect the information regarding the arrest and detention of persons under the military. "Abubakar is the main beneficiary of the government's move", said a Lagos based Senior Advocate of Nigeria who prefers to remain anonymous. A British lawyer, Mr. Babatunde Abdul –Azeez Jimoh also described the Declaratory Order sought the Nigerian government as frivolous, vexatious and ill-advised which can only happen in Nigeria. "No wonder the U.S Court ruled last year that there were no local remedies for the Plaintiffs in Nigeria. What an unfortunate legacy for Obasanjo?" retorted Mr. Abdul-Azeez Jimoh.

Efforts to reach Mr. Kayode Oladele for his comments on this new development have not been successful as his Secretary informed this reporter that he is very busy in trial. However, in an interview with another Defendant and co-counsel in the case, Mr. Akin Ogunlola, he wondered how power could easily change Nigerians. According to Mr. Ogunlola, when the Attorney-General was the president of the Nigerian Bar Association, he used to encourage Mr. Oladele and even told Oladele at a time that history was on the side of the Plaintiffs as they were fighting a worthy battle against the people's enemies. Now as the Attorney-General, he is singing

From: ECULAW NETWORK                2022878072              03/22/2007 13:59 #080 P.003
Case: 1:02-cv-06093 Document #: 209-3 Filed: 03/22/07 Page 3 of 3 PageID #:1404

Page 3 of 3

another song and has even gone to the extent of filling a frivolous lawsuit against the attorneys handling the case. "You can ask Oladele, he will tell you more about it and I know that both of them still communicate up till now. Oladele still regard some of these people as his friends and interact with them without knowing that they are his worst enemies. What a shame!" said Ogunlola.

Ogunlola further commented that in his close to two decades of legal practice, he has never come across a situation as here, where lawsuits would be filed against attorneys for providing legal representation to their clients. "This is nothing but an abuse of office and a waste of tax-payers money. Without doubt, Mr. Bayo Ojo is a disgrace to the entire legal profession, a sycophant and a boot-licker who can do anything for a farthing. The Nigerian Bar Association better initiate the process of getting the government to recall him from his new U.N assignment in order to avoid any further embarrassment to the country and the legal profession in Nigeria"; commented Ogunlola.

In another development, there are indications that the Federal government may charge the plaintiffs attorneys, Kayode Oladele, Austin Agomuoh and Akin Ogunlola with treasonable felonies. This indication was given in a Plaintiffs' reply to Gen. Abubakar's response in opposition to the Plaintiffs' Motion for contempt against him. According to the reply which was signed by Messrs Kayode Oladele, Austin Agomuoh and Akin Ogunlola, the attorneys informed U.S District Court in Chicago that Gen. Abubakar's attorney, Mr. Ephraim Ugwonye had informed them that the Federal government of Nigeria would soon charge all of them with treasonable felonies and be taken to dungeons anytime they are found in Nigeria. The court is expected to rule on their Motion on or before March 21, 2007.

The President of West African Bar Association (WABA), Mr. Femi Falana is representing Attorneys Kayode Oladele, Austin Agomuoh and Akin Ogunlola in this case and has informed *Saharareporters* that his office would this week, file an objection to the government's action.

*Copyright © Saharareporters 2006 – 2007 All rights reserved*

---

What kind of emailer are you? Find out today - get a free analysis of your email personality. Take the quiz at the Yahoo! Mail Championship.