# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAFSAT ABIOLA, ET AL. | |
| Plaintiffs, | No.: 02-cv-06093 |
| V. | Hon. Judge Matthew F. Kennelly |
| GENERAL ABDULSALAMI ABUBAKAR | |
| Defendant. | |

## Defendant's Second Supplementary Memorandum in Support of Motion to Reconsider

COMES NOW Defendant, General Abdulsalami Abubakar, through counsel, and hereby files his second supplementary memorandum, as directed by the Court. Defendant further states as follows:

(1)   That meetings were held between defendant's counsel and the officials of the Government of Nigeria[1], particularly the Ministry of Justice and the office of the Attorney General of Nigeria, with a view to ascertaining the position of the Government of Nigeria on the order of the Nigerian court regarding Abubakar's testimony in the present case in Chicago.

(2)   That based on the meetings with the officials of the Nigerian Government, the position of the Nigerian Government regarding these matters are as follows:

(A) Deposition of Abubakar or the testimonies of Abubakar, in whatever form it is to be given, ought not to violate the official secrets of the Nigerian state.

(B) If such testimony is given in a deposition to be taken in Nigeria, Nigerian Government lawyers must be notified and must have the opportunity to be present at such deposition and to raise objections, as appropriate, on grounds of the Official Secrets Act.

(C) Any objections of the Government of Nigeria in this regard will be submitted to the Nigerian courts which would conclusively rule upon such objection in an in-camera proceeding.

(D) All parties shall agree to be bound, at every stage of this case, by any ruling of the Nigerian courts regarding the scope of coverage of the Official Secretes Act.

(E) In the case of written answers to questions, Nigerian Government should have the opportunity of receiving the written questions and be giving thirty (30) days advance opportunity to raise objections. Further, Abubakar shall submit his written answers to the Government lawyers for their no-objection before such response shall be given to anyone else.

(3) That in view of the foregoing clarifications, and consistent therewith, Abubakar is able and willing to sit for deposition in Nigeria (particularly in Niger State, his home state, or the Federal Capital Territory). Also, consistent with the clarifications from the Government, Abubakar is able and willing to answer in writing if the deposition is posed in form of written questions.

(4) That Abubakar's participation in the mediation ordered by the Seventh Circuit was by way of a teleconference from Nigeria, just as the plaintiffs also called in from Nigeria.

(5) That plaintiffs' recent reference to Oputa Panel is wrong and was purely calculated to mislead this Court. They are simply cashing in on the presumption that this

Court probably lacks knowledge of the detailed day-to-day politics of Nigeria. Otherwise, they failed to show the Executive Order that established the panel. Also, they concealed from this Court the fact that the Nigerian Supreme Court ruled that the Oputa Panel was not a court of law and was only a poor attempt at finding political solutions to milliards of Nigerian social conflicts spanning over fifty (50) years.

(6) That defendant's argument regarding the Nigerian blocking statutes was appropriately made by way of a motion to reconsider, especially after this Court, in the April 6th proceeding directed counsel to submit a memorandum on the matter.

(7) That defendant has arranged to forward a copy of the Official Secrets Act to the Court. But also, given that a Nigerian Court has already pronounced that that Act prohibited the kind of information required of Abubakar, there is no further legal dispute at this point as to the intendment of the Act or its application to Abubakar's likely testimony.

WHEREFORE, Defendant Abubakar respectfully requests the Court to accept this second supplementary memorandum for consideration.

Respectfully submitted May 15, 2007

ECU ASSOCIATES, PC

By:

_____/s/_____
Ephraim Emeka Ugwuonye, Esquire
850 Sligo Avenue, Suite 400
Silver Spring, MD 20910
Tel: 301-588-9315
Fax: 301-588-9318

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served via the CM/ECF system upon the Plaintiffs' attorneys of record.

_____/s/_____
Ephraim Emeka Ugwuonye, Esquire