UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

HAFSAT ABIOLA, et al

        *Plaintiffs,*        No. 02-CV-06093
-*v*-                                      Hon. Judge Matthew F. Kennelly

GENERAL ABDULSALAMI ABUBAKAR,

        *Defendant.*

---

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM

## Introduction

This Honorable Court, by an Order directed the Defendant to file a supplemental Memorandum in support of his Motion for Reconsideration. The Defendant in response filed a supplemental memorandum on May 15, 2007 in which he not only scuttles his own argument in his initial brief in support of his motion for reconsideration, but also exposes the frivolity of his motion.

**Discussion**

## I. Defendant has conceded to wasting the time of this honorable Court

The Defendant in his Motion for reconsideration has argued that there is a subsisting Order of a Nigerian High Court forbidden him from transmitting to any persons or group thereof in any place **within** and **outside Nigeria**, whether or not pursuant to a Court Order, or before any Court of law within and outside Nigeria , details and or information relating to his involvement in, membership of, participation in or information discovered, received, gathered, disclosed or obtained from, during or at any meetings, minutes of meetings, discussions and events or occurrences of the Provisional Ruling Council (AFRC), or Armed Forces Ruling Council for the time in question or at any other position of authority within the Nigerian Government or Armed Forces that subject him to non-disclosure under the Official Secrets Act starting in 1992 and continuing to May 29, 2999.

This Order was attached with the Defendant's Motion and marked as an exhibit before this Honorable Court. There is no record that this order has been set aside by the Judge that gave it or by a Court of competent jurisdiction in Nigeria. Yet, in the supplemental brief, the Defendant concedes with the Plaintiff's position that his deposition has no implication on the Official secrets Act by stating that **"Deposition of Abubakar or the testimonies of**

2

***Abubakar in whatever form it is to be given ought not to violate the Official Secrets Act" and can now be taken in the Defendant's hometow, in Niger State, Nigeria.***

If that is the position of the Defendant and the Attorney-General of Nigeria that filed the case, argued the Motion and obtained the Order of Court, what then was the motive for filing a frivolous case to obtain an unnecessary Order of Court? The simple logical conclusion is that the Defendant, his counsel and the Attorney-General of Nigeria filed the lawsuit only for the purposes of avoiding what was considered an imminent sanction by this Honorable Court at the time and also to avoid the Defendant from appearing for deposition in the U.S. They now have a Court Order that forbids the Defendant from testifying anywhere in the world including Nigeria.

Unfortunately, the Defendant cannot choose to ignore this Order that forbids him from testifying until set aside even if the Defendant later considers it an invalid Order in light his new position that he can be deposed after all.

The Defendant and his counsel have just found out that they would need one lie to protect another lie culminating into lies upon lies upon lies. The Defendant and his counsel are thus overwhelmed with inaccurate and inconsistent statements to the extent that they are now making contradictory statements and counterstatements unconsciously with the desire that this Court act on such inconsistency. Bad enough, the Defendant and his attorney can not

3

eat their cake and have it. They must rise and fall with the Court order so frivolously procured.

The Defendant and his attorney blow hot and cold at will to demonstrate the state of their desperation. In any event, the Defendant's attorney had told the Plaintiffs attorneys on various occasions in the past that the Plaintiffs attorneys would not have the gut to take the deposition of the Defendant in Nigeria in the face of the overwhelming intimidating state machinery at the disposal of the Defendant.

This Court must therefore; take cognizance of the fact that all that the Defendant has done and will continue to do is to manipulate the Nigerian Government to frustrate this legal process. The Defendant is just chopping away time and squandering the Court's patience. For this reason, this Court must deny the Defendant's Motion to Reconsideration.

## II. Nigerian Government is not a named Party in this Case and therefore cannot be Heard

The Defendant, in his efforts to intimidate this Court has procured the state machinery to intervene on his behalf. This Court must take judicial notice of the fact that Nigerian Government is not a named party neither has the Government filed any motion to be joined as a party in the case. As a matter of fact, the Defendant's attorney has informed this honorable Court on several

occasions both verbally and through his numerous pleadings that he has no authority to speak for the Nigerian Government as he was not retained to represent the Government in the lawsuit.

Be that as it may, the Defendant in the instant memorandum has come up with a riot act supposedly dictated to him by the Attorney-General of Nigeria which gives this Honorable Court terms and conditions for deposing the Defendant.

The Rule of Court on parties to an action is very clear and Plaintiffs want to believe that the Honorable Attorney-General of Nigeria is a licensed attorney having been a former president of the Nigerian Bar Association. The Attorney-General should have known that for the Nigerian government to be heard in this case, his office ought to file a motion either to be joined as a party or as an Amicus Curiae.

Having failed to do so, the Attorney-General of Nigeria cannot request that pleadings and notices be forwarded to his office and that he be allowed to raise objections during the Defendant's deposition. This is a picture of how chaotic a deposition in Nigeria would be. As stated above, this Honorable Court follows laid down procedures which cannot be altered by any authority. For the foregoing reasons, the Plaintiffs also pray this Honorable Court to deny the Motion for reconsideration as the Defendant's argument cannot pass the muster required of Motions for reconsideration.

5

.        In the same vein, the plaintiffs urge this Honorable Court not to aid the Defendant in his above -the -law- syndrome by directing the Defendant's deposition to be taken in Nigeria. Not even written interrogatories currently being canvassed by the Defendant would suffice for his duty to be deposed. For instance, when the Plaintiffs propounded written interrogatories on the Defendant, all that the Plaintiffs got back were unresponsive answers even after the Plaintiffs obtained the Order of this Honorable Court compelling the Defendant to answer the interrogatories.

As at today, the Defendant has not submitted any documents to the Plaintiffs pursuant to the request to produce despite the Order of Court compelling him to do so. Now, in his usual matter and attitude to constituted authorities, the Defendant is asking that the deposition be taking in his home in Niger State, in Nigeria! When the Defendant deposed the Plaintiffs, they flew in from Nigeria to attend the deposition at Judge Friedman's courtroom in Detroit, Michigan. Justice is equality under law. To the extent that the Defendant took the oral deposition of the Plaintiffs in the U.S, this Court must abide by its earlier Order directing the Defendant's deposition to be taken in the U.S as well.

It is also very interesting to note that the Defendant has agreed that he partook in a settlement discussion with the Plaintiffs despite his misstatement to the Court in his earlier pleadings that he had never engaged settlement

6

discussion with the Plaintiffs. He described himself as an onlooker o=in the settlement process. Again, this is one of those several occasions, when the Defendant and his attorney speak with both sides of their mouths.

### III. Conclusion

For the foregoing reasons, the Plaintiffs pray this Honorable Court to deny the Defendant's Motion for Reconsideration.

By: ____/s/Kayode O Oladele__
Kayode Oladele, Esq.
220 W. Congress, Ste. 200
Detroit, MI 48226
313/961-1000
313/961-3110 (Fax)
_____/s/Austin Agomuoh___
Austin Agomuoh, Esq.
220 W. Congress, Ste. 200
Detroit, MI 48226
313/961-1000
313/961-3110 (Fax)

By: _____/s/Akin Ogunlola, Esq._

3116 W. Devon Avenue,
Suite 203,
Chicago, IL 60659
Tel: 773-769-1137

Dated this 16th day of May, 2007.

### CERTIFICATE OF SERVICE

The undersigned declared that a copy of the foregoing motion was served electronically on the defendant's attorney this 16th day of May, 2007

*/s/Margruette Stribling*
_____
Margruette Stribling

7