Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6093 | DATE | 1/15/2008 |
| CASE TITLE | Abiola, et al. vs. Abubakar | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court approves the parties' joint stipulation and therefore vacates its decision of July 27, 2006 (docket no. 163). Pursuant to the stipulation, the case is dismissed with prejudice. The Clerk is directed to terminate the case. As the Court stated at the hearing on January 14, 2008, plaintiffs are advised that they should promptly seek to vacate this order if the terms of the settlement are not carried out in short order.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

The parties in this lawsuit filed under the Alien Tort Claims Act and the Torture Victims Protection Act have filed a joint stipulation seeking dismissal of the case pursuant to settlement and, as part of the settlement, asking the Court to vacate its decision of June 27, 2006. In that decision, which followed an evidentiary hearing, the Court concluded that the plaintiffs had satisfied their burden under the TVPA of establishing that the country of Nigeria "did not and does not provide them an adequate forum for their lawsuit." *See* Order of June 27, 2006.

Based on discussions with the parties, it appears that the settlement in the case, the amount of which is evidently confidential, is being funded by the government of Nigeria, which is not a party to the lawsuit. It further appears that the government of Nigeria is the driving force behind the request to vacate the June 27, 2006 decision. The parties have adopted the request because it appears to be important, and perhaps necessary, to finalize the settlement.

In assessing the parties' request, the Court has considered the Seventh Circuit's decisions in *In re Memorial Hosp. (Appeal of U.S. Dep't of Health & Human Servs.)*, 862 F.2d 1299 (7th Cir. 1988), *Gould v. Bowyer*, 11 F.3d 82 (7th Cir. 1993), and other similar cases. In *Memorial Hosp.*, the Seventh Circuit frowned upon, but did not definitively disapprove, judicial "compliance" with settlement terms of the type at issue here. The Court stated that "it may be inappropriate to approve a settlement that squanders judicial time that has already been invested." *Id.* at 1302. In this regard, the court noted that a trial judge's decision has "persuasive force as precedent that may save other judges and litigants time in future cases" and that though this persuasive force "does not vanish on *vacatur*, . . . such an order clouds and diminishes the significance of the holding." *Id.* The court went on to state that "[w]hen a clash between genuine adversaries produces a precedent . . . , the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement." *Id.* It pointed out that "[i]f

## STATEMENT

parties want to avoid *stare decisis* and preclusive effects, they need only settle before the district court renders a decision . . . ." *Id.*

In *Gould*, the Court elaborated on the discussion in *Memorial Hosp.*, stating that although that decision makes it clear that a trial judge need not vacate a decision in these circumstances, he is "authorized to do so." *Gould*, 11 F.3d at 84. The court noted that district court decisions have no precedential effect. *Id.* The only significance of a trial judge's decision, the court noted, is its persuasive force, which it suggested (somewhat contrary to *Memorial Hosp.*) is not affected even if a later decision is made to vacate or disregard the earlier decision.

The Court has thought long and hard about the parties' request to vacate its earlier decision and has determined to agree to that request. The somewhat unusual factor in this case is that the June 26, 2006 decision may be considered to impact (via embarrassment or otherwise) a non-party to this case, which just happens to be the party funding the settlement – namely, the government of Nigeria. Though it is certainly true that the Nigerian government theoretically could have brought the case to resolution earlier, before the Court was required to render its decision, it is likely that it did not have the same degree of control over the pace of the litigation or settlement discussions that a party would have.

The Court has also considered the burden that a trial in this case – which had been set for January 14, 2008 until the parties announced their settlement – would impose on jurors and the Court system as a whole. Because defendant's counsel has suggested that the Nigerian government may not carry out the settlement if the terms of the joint stipulation are not approved in their entirety, and because (again) the Court lacks the ability to require a non-party like the Nigerian government to carry out the settlement, the Court finds it appropriate in this case to approve the parties' request and vacate its earlier decision.

That said, it is important for all concerned to be aware – as the Court advised both parties' counsel at the hearing – that the decision has been published by private legal reporting services (such as West and Lexis) and that the Court lacks the authority to remove the decision from those publications. Similarly, the Court wishes to note that its determination to vacate the decision does not arise from, and should not be considered to reflect, any question or hesitation about the accuracy of the decision. Rather, the Court is acting solely as a result of the parties' request and in an effort to facilitate finalization of the settlement. Finally, the Court cannot control what weight other parties and judges may put on the decision in the future, and nothing we are doing here can, in a practical way, detract from whatever persuasive force the decision might be considered by others to have.

For these reasons, the Court approves the parties' joint stipulation and therefore vacates its decision of July 27, 2006 (docket no. 163). Pursuant to the stipulation, the case is dismissed with prejudice. The Clerk is directed to terminate the case. As the Court stated at the hearing on January 14, 2008, plaintiffs are advised that they should promptly seek to vacate this order if the terms of the settlement are not carried out in short order.